# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

MALIK SHABAZZ,

      Plaintiff,

                                        **Civil Action 2:20-cv-336**
      v.                                **Judge Sarah D. Morrison**
                                        **Magistrate Judge Chelsey M. Vascura**

THE STATE OF OHIO,

      Defendant.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Malik Shabazz, an Ohio inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against the State of Ohio alleging that he was maliciously prosecuted in violation of his due process rights.  This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**.  (ECF No. 4.)  Plaintiff is required to pay the full amount of the Court's $350 filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff's certified trust fund statement reveals that he currently possesses only five cents in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate Id Number 0185992) at Franklin county Corrections Center II is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court.  28 U.S.C. § 1915(b)(2).  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court.  The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs

had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

According to the Complaint, on December 8, 2019, a state trooper pulled Plaintiff over for failing to stop at a red light. The officer administered a field sobriety test because Plaintiff's vehicle smelled like marijuana and also because marijuana was visible in his vehicle. Plaintiff explained to the officer that his brakes were insufficient such that he could not stop at the light and that his vehicle smelled of marijuana because his nephews were smoking marijuana earlier that day. The officer also found a sandwich bag "white dust particles" in it, and Plaintiff informed the officer that he did not know what the substance was because it did not belong to him. (Compl. 5, ECF No. 1 at PAGEID # 5.)

Plaintiff alleges that he was arrested for OVI notwithstanding passing a field sobriety test. Although the OVI charge was later dismissed, Plaintiff was indicted on charges of possession of cocaine. On December 27, 2019, Plaintiff was arrested on a felony drug warrant and his vehicle impounded. Plaintiff alleges that as a result of this arrest, he lost his home and job and consequently is unable to pay child support or get his vehicle from the impound lot.

Plaintiff maintains that he was maliciously prosecuted in violation of his due process rights. He appears to seek declaratory and monetary relief. Plaintiff names the State of Ohio as the sole Defendant.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \*     \*     \*
>
> (B) the action or appeal--
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III.

The undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

The only Defendant Plaintiff names—the State of Ohio—must be dismissed because it is immune from suit in federal court.  Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State regardless of the nature of the relief sought.

*Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Moreover, the exceptions to the Eleventh Amendment's bar do not apply to this case. Because the State of Ohio has not expressly waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). It is therefore **RECOMMENDED** that this action be **DISMISSED.**

The undersigned notes that permitting Plaintiff to amend his Complaint to name a different defendant would be futile. The United States Court of Appeals for the Sixth Circuit recognizes a constitutional claim of malicious prosecution under the Fourth Amendment, encompassing wrongful investigation, prosecution, conviction, and incarceration. *Barnes v. Wright*, 449 F.3d 709, 715–16 (6th Cir. 2006). The federal cause of action for malicious prosecution has four elements: (1) the defendant made, influenced, or participated in a decision to prosecute the plaintiff; (2) there was a lack of probable cause for the prosecution; (3) as a result of a legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 309 (6th Cir. 2010). Plaintiff is required to "show, at a minimum, that there is no probable cause to justify an arrest or a prosecution." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 397 (6th Cir. 2016) (quoting *Voyticky v. Village of Timberlake*, 412 F.3d 669, 675 (6th Cir. 2005)). Here, Plaintiff has failed to allege any facts supporting a lack of probable cause. Nor does Plaintiff plausibly allege that that officer or prosecutor charging the case lacked good reason to believe he had committed the crime at the time of the charges. Moreover, Plaintiff has not

alleged that the charges resolved in his favor.

**IV.**

Plaintiff's motion seeking leave to proceed *in forma pauperis* is **GRANTED**. (ECF No. 4.) In addition, for the reasons set forth above, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** pursuant to § 1915(e)(2).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

 /s/ *Chelsey M. Vascura* _____
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE