# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MALIK SHABAZZ,

   Plaintiff, : Case No. 2:20-cv-336

  -vs-                               Judge Sarah D. Morrison
                                      Magistrate Judge Chelsey M. Vascura

STATE OF OHIO,
                                    :

   Defendant.

## OPINION & ORDER

This matter comes before the Court for consideration of an Initial Screen Report and Recommendation (hereafter "R&R") issued by the Magistrate Judge on February 11, 2020 (ECF No. 6), and Plaintiff's Objection thereto (ECF No. 7). In the R&R, the Magistrate Judge recommended that the Court dismiss Plaintiff's Complaint. For the reasons that follow, the Court **OVERRULES** Plaintiff's Objection, **ADOPTS** and **AFFIRMS** the R&R, and **DISMISSES** Plaintiff's Complaint.

## I.  BACKGROUND

On December 8, 2019, Plaintiff Malik Shabazz was pulled over by a state trooper for failing to stop at a red light. (Compl., 5, ECF No. 1). Upon smelling marijuana and observing marijuana in the vehicle, the trooper administered a field sobriety test. (*Id.*). Plaintiff explained to the trooper that he ran the red light because his brakes did not work and that his nephews had been in the vehicle earlier that day smoking marijuana. (*Id.*). The trooper also found a sandwich bag filled with "white dust particles." (*Id.*). Plaintiff informed the trooper that he did not know what was in the bag because it did not belong to him. (*Id.*).

According to Plaintiff, he was arrested for operating a vehicle under the influence ("OVI") even though he passed the field sobriety test. (*Id*.). The OVI charge was dismissed and Plaintiff was indicted on a felony possession of cocaine charge in the Franklin County Court of Common Pleas (Case No. 19CR4364) on August 30, 2019. (*Id*. at 5–6). He was arrested pursuant to a warrant on December 27, 2019. (*Id.* at 6). Plaintiff alleges that as a result of his arrest, his vehicle was impounded, and he lost his house and job. (*Id.*).

On January 21, 2020, Plaintiff, proceeding *pro se*, filed a complaint in this Court against the State of Ohio alleging that he was maliciously prosecuted in violation of his due process rights. He seeks declaratory and monetary relief.

On February 11, 2020, Plaintiff was granted leave to proceed *in forma pauperis* in this action. (ECF No. 6). On the same day, the Magistrate Judge performed an initial screen of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and recommended that the Court dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief may be granted. (*Id.*). The Court proceeds to consider Plaintiff's arguments.

**II.    ANALYSIS**

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As the Magistrate Judge explained in the R&R, the State of Ohio is immune from suit in federal court under the Eleventh Amendment to the United States Constitution. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir.

2013) ("It is well established that § 1983 does not abrogate the Eleventh Amendment."). Further, no exceptions apply in this case, and the State of Ohio has not expressly waived its sovereign immunity in federal court. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). The Magistrate Judge also notes that permitting the Plaintiff to amend his Complaint to name a different defendant would be futile because Plaintiff has not alleged any facts to support a claim for malicious prosecution under the Fourth Amendment. *See Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010).

Plaintiff does not address any of these deficiencies in his Objection but rather repeats the claim alleged in his Complaint—the State of Ohio has not afforded him due process of law. Accordingly, Plaintiff's Objection is not well taken.

### III. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection (ECF No. 7), **ADOPTS** and **AFFIRMS** the R&R (ECF No. 6), and **DISMISSES** Plaintiff's Complaint (ECF No. 1). The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE